[707 NYS2d 685]

In the Matter of JEFFREY ALAN SCHWARTZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 30, 2000

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On January 5, 1999, the respondent was found guilty in the United States District Court for the Southern District of New York of conspiracy, in violation of 18 USC § 371, and obstruction of justice, in violation of 18 USC § 1503, both of which are Federal felonies. On February 7, 2000, he was sentenced to 15 months' incarceration, 2 years' supervised release, and a $5,000 fine.

The respondent's convictions were based on his deliberate, knowing, and willful failure to produce a notebook which had been given to him by his client, Howard Mandel, in response to a Federal Grand Jury subpoena. The notebook contained a record of illegal cash payments by Mandel to his suppliers. The respondent, who acted as Mandel's accountant, refused to turn the notebook over in order to conceal cash payments to the respondent and his father.

Penal Law § 215.40 provides that "[a] person is guilty of tampering with physical evidence when * * * 2. Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person." "Physical evidence" is defined as "any article, object, document, record or other thing of physical substance which is or is about to be produced or used as evidence in an official proceeding" (Penal Law § 215.35 [1]). Tampering with physical evidence is a class E felony.

The respondent's convictions constitute tampering with physical evidence, a felony. Therefore, pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeffrey Alan Schwartz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey Alan Schwartz is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.